UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-06906-SVW (SK) | Date: August 27, 2025 |
| Title   Nathaniel Doniel Dennis v. T. Pennington | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a California state prisoner convicted of 11 crimes and sentenced as a second-strike offender with certain additional sentencing enhancements under state law. (ECF 1 at 2). After favorable changes to California's sentencing laws, however, the trial court resentenced petitioner in August 2023, striking two of those enhancements. (ECF 1 at 11). But the trial court denied petitioner's request under *People v. Superior Court (Romero)*, 917 P.2d 628 (Cal. 1996), to strike his prior strike conviction as well. (*See* Los Angeles Super. Ct. Case No. TA063518).[1] Petitioner then appealed, claiming that trial court should have also stricken his prior-strike conviction at resentencing. (ECF 1 at 2-3). But the California Court of Appeal affirmed the resentencing in January 2025, and the California Supreme Court denied review a few months later. *See People v. Dennis*, 2025 WL 341099, at *1-2 (Cal. Ct. App. Jan. 30, 2025), *rev. denied* (Apr. 16, 2025). Afterward, petitioner filed a state habeas petition in June 2025, raising the same sentencing claim denied earlier on appeal. (ECF 1 at 8). A month later, he petitioned for federal habeas relief here, in effect also seeking "full resentencing" under California law. (ECF 1 at 8-9).

Federal courts cannot grant habeas relief to state prisoners unless they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam); *see* 28 U.S.C. § 2254(a). That means "federal habeas corpus relief does not lie for errors of state law." *Swarthout*, 562 U.S. at 219 (cleaned up). And whether the California state

---

[1] *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state-court public dockets).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06906-SVW (SK)                                    Date: August 27, 2025

Title            Nathaniel Doniel Dennis v. T. Pennington

courts correctly resentenced petitioner is a paradigmatic issue of state law. *See Souch v. Schiavo*, 289 F.3d 616, 623 (9th Cir. 2002); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993). So contrary to petitioner's contention, federal courts have no jurisdiction to review any alleged error in the application California's so-called Three Strikes Law. *See Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002), *vacated on other grounds*, 538 U.S. 901 (2003); *see also Matthews v. Asuncion*, 2019 WL 4282910, at *4 (C.D. Cal. June 14, 2019) (listing cases), *adopted,* 2019 WL 10250725 (C.D. Cal. Aug. 26, 2019). Nor can federal courts second-guess how the California appellate courts interpreted their own state's sentencing laws, including newly enacted ones. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Petitioner cannot avoid this outcome by alleging in conclusory fashion that his "constitutional rights of due process are being violated by the state courts." (ECF 1 at 9). *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (State inmates cannot "transform a state-law issue into a federal one merely by asserting a violation of due process.").

For these reasons, petitioner is ORDERED TO SHOW CAUSE on or before **September 26, 2025** why the court should not dismiss the petition for failure to state a cognizable federal claim. *See* Rule 4 of the Rules Governing Section 2254 Petitions (habeas petition must be dismissed "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court"). Petitioner may discharge this order by voluntarily dismissing the petition without prejudice using the attached Form CV-09y. A voluntary dismissal of this federal petition will have no effect on his pending state habeas petition seeking the same relief. Failure to comply with or otherwise respond to this order may lead to involuntary dismissal for failure to prosecute and obey court orders with no further warning. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.